AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Henry Buchanan, Jalucke Black, and<br>Bryan Stewart<br><br>*Defendant(s)* | )<br>)<br>) Case No. 8:19-MJ-1511-T-EAJ<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 8, 2019__ in the county of __Hillsborough__ in the
__Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy with intent to distribute one hundred (100) kilograms or more of marijuana while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute one hundred (100) kilograms or more of marijuana, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Timothy W. Campbell, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __4/17/19__

_____
*Judge's signature*

City and state: __Tampa, Florida__  Amanda A. Sansone, U.S. Magistrate Judge
*Printed name and title*

Elizabeth A Jenkins
US Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Timothy Campbell, being duly sworn, deposes and states the following:

1. I am a citizen of the United States, residing in Florida.

2. I am a Special Agent employed by Homeland Security Investigations (HSI). I have been so employed for approximately 17 years.

3. Based on my training and experience as a Special Agent with HSI, I have conducted investigations concerning violations of **Title 21, United States Code, Sections 959 and 960**, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including marijuana, and violations of **Title 46, United States Code, Section 70503** (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute marijuana on vessels subject to the jurisdiction of the United States. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as, the support and assistance that narcotics organizations require to conduct their illegal activities.

4. Since May of 2008, I have been assigned as a Special Agent to Operation Panama Express (North and South) Strike Force. Operation Panama Express is a federally approved Organized Crime Drug Enforcement Strike Force (OCDETF) investigation being conducted by the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), Homeland Security Investigations

(HSI), the United States Coast Guard (USCG), the Internal Revenue Service (IRS) and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine and marijuana smuggling organizations that are responsible for the transportation of marijuana through international waters of the Caribbean Sea and Pacific Ocean (via vessel) to transshipment locations for later introduction and distribution to the United States.

5. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

(A) Henry Buchanan (Jamaican National)

(B) Jalucke Black (Jamaican National)

(C) Bryan Stewart (Jamaican National)

who knowingly and willfully conspired to possess with the intent to distribute one hundred kilograms or more of marijuana, a Schedule I controlled substance, while on board a vessel subject to the jurisdiction of the United States, with the Middle District of Florida being the place at which the above individuals will be charged in the United States, in violation of Title 46, United States Code, Sections 70503(a)(1), 70506(a) and 70506(b), and Title 21, United States Code, Section 960(b)(2)(G).

6. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom your Affiant

has worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

7. The United States Coast Guard (USCG) has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

8. On April 8, 2019, while on patrol, in the Caribbean Sea, a Marine Patrol Aircraft (MPA) observed a canoe/panga style vessel with two outboard engines (commonly known as a go-fast vessel (GFV)) and crewmembers approximately 71 nautical miles west of Jamaica and within international waters. Once the vessel detected law enforcement, crew members began throwing bales overboard. The U.S. Coast Guard Cutter (USCGC) JAMES' helicopter deployed warning shots that were ineffective. The Helicopter utilized disabling fire in order for the vessel to comply. The CGC RAYMOND EVANS gained control of the vessel. Three people were observed on the thirty-foot long vessel with the name HUMINGBIRD written on both sides of the vessel. Henry BUCHANAN claimed to be master of the vessel and Jamaican nationality for the vessel. The CGC RAYMOND EVANS was able to recover eleven bales from the sea with an approximate weight of 550 pounds (249 kilograms). The bales contained a green

3

leafy substance that field tested positive for marijuana.

6. During the right of visitation boarding conducted by USCG Cutter RAYMOND EVANS, the three crew members all claimed Jamaican nationalities and the person in command claimed Jamaican nationality for vessel. The United States Coast Guard Command District 7 enacted the U.S/Jamaican bilateral agreement and sent a Form 1 action request to board the GFV. The government of Jamaica notified District 7 via the USCG attaché that Jamaica could neither confirm nor deny registration for the GFV. Subsequently, District 7 granted a statement of no objection to treat the GFV as one without nationality and enforce US law and conduct a law enforcement boarding.

## Conclusion

7. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named The three (3) crewmembers of the vessel were subsequently identified as Henry BUCHANAN herein, Jalucke BLACK, and Bryan STEWART, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons, to distribute and possess with the intent to distribute one hundred kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(2)(G).

Affiant declares under penalty of perjury that the foregoing is true and correct.

_____
Timothy W. Campbell
Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this 17th day of April, 2019.

_____
AMANDA ARNOLD SANSONE    Elizabeth A. Jenkins
United States Magistrate Judge

5